1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SEAN S. ESCHELBACH,

            Plaintiff,

     v.

JAYMIE DONS II, *et al.*,

            Defendants.

Case No. 2:24-cv-02131-RFB-NJK

**ORDER**

13

### I.  INTRODUCTION

14

15

16

17

18

     Plaintiff Sean S. Eschelbach brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered at High Desert State Prison. ECF No. 1-1. On April 18, 2025, this Court ordered Eschelbach to update his address by May 19, 2025. ECF No. 7. That deadline expired without an updated address or any other response from Eschelbach, and his mail from the Court is being returned as undeliverable.

19

20

### II. DISCUSSION

21

22

23

24

25

26

27

28

     District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1)

the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Eschelbach's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

This action cannot realistically proceed without the ability for the Court and the defendants to send Eschelbach case-related documents, filings, and orders, and litigation cannot progress without Eschelbach's compliance with the Court's orders. The only alternative is to dismissal is to enter a second order setting another deadline for Eschelbach to file his current address with the Court. But without an updated address, the likelihood that the second order would even reach

Eschelbach is low, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**III. CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice based on Eschelbach's failure to file his updated address in compliance with this Court's April 18, 2025, Order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Eschelbach wishes to pursue his claims, he must file a complaint in a new case.

**IT IS FURTHER ORDERED** that Eschelbach's application to proceed *in forma pauperis* (ECF No. 1) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that that Eschelbach may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, Eschelbach is required to explain what circumstances the led his to failure to file his updated address with the Court. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

**DATED:** May 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**